# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| MARTHA RITTER | * | |
| Plaintiff | * | |
| v. | * | Civil No. AW 06-2921 |
| E. KERFOOT RITTER, JR., *et al.* | * | |
| Defendants | * | |

## **MEMORANDUM OPINION**

Presently before the Court are Martha Ritter's ("Plaintiff" or "Ms. Ritter") Motion to Consolidate Cases [23], Motion for Extension of Time [29], Motion to Amend/Correct [32], Motion for Leave to File [35], Motion for Extension of Time [36], Motion to Supplement Amended Complaint [39], and E. Kerfoot Ritter, Jr. and the Eugene Kerfoot Ritter Trust's (collectively "Defendants") Motion Caveat [3], Motion for Protective Order [5], Motion for Contempt [6], Motion to Remand [22] and Motion to Dismiss [42]. The Court has reviewed the entire record and the pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rules 105.6 (D. Md. 2004). For the reasons that follow, the Court hereby GRANTS Defendant's Motion to Remand and DENIES-AS-MOOT the remaining motions.

## **STANDARD OF REVIEW**

It is well-settled that the removing party bears the burden of proving proper removal. *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519 (D. Md. 2002) (*citing Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court,"

indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (internal quotation marks omitted); *see also Mulcahey*, 29 F.3d at 151.

### ANALYSIS

On October 20, 2006, in *Ritter v. Ritter et al.,* Civil No. RWT 06-2665, Judge Titus, of this Court, issued an Order remanding the case back to the Circuit Court for Montgomery County, Maryland, because the Plaintiff, Martha Ritter, improperly removed the action to this Court.[1] *See* 28 U.S.C. § 1441. Subsequently, on November 6, 2006, this Court received, what appears to be, a Second Notice of Removal [1] from the Circuit Court for Montgomery County, Maryland, filed by Martha Ritter. The Court believes that the Plaintiff, in an effort to circumvent Judge Titus's October 20, 2006 Order, re-filed a Complaint [2] purporting that she is a Defendant, hoping that her new attempt at removal would now be proper. However, the "Complaint," filed here by Martha Ritter, is actually a separate complaint that was filed by Eugene K. Ritter in the Circuit Court for Montgomery County, Maryland for "Emergency Restraining Order." As such, the removal of the "new" action by Ms. Ritter, is still improper.

Considering the number of identical pleadings filed here to those filed in Civil No. RWT 06-2665, including the Seventh Amended Complaint [17] (filed as paper no. 2 in RWT 06-2665), the dilatory tactics of Ms. Ritter has become transparent to the Court. Therefore, this Court will adopt the reasoning in Judge Titus's October 20, 2006 Order, in Civil No. RWT 06-2665, remanding the case to the Circuit Court for Montgomery County, Maryland.

---

[1] Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. The right of removal is not accorded to a plaintiff. 28 U.S.C. § 1441

## CONCLUSION

For the reasons stated above, this Court will GRANT Defendants' Motion to Remand [22] and DENY-AS-MOOT the remaining motions. An Order consistent with this opinion will follow.

| February 9, 2007 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |